UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


BRANDY SAMSON,                    )
          Plaintiff              )
                                 )
          v.                     ) C.A. No. 09-cv-30089-MAP
                                 )
TARGET CORPORATION,              )
          Defendant              )


MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 11)

November 8, 2010

PONSOR, U.S.D.J.

I. INTRODUCTION

     Plaintiff Brandy Samson was injured when she slipped
and fell in a Target department store in Lanesborough,
Massachusetts.  Plaintiff brought suit against Defendant
Target Corporation in Berkshire County Superior Court,
alleging one count of negligence, and Defendant subsequently
removed the case to this court.  Defendant now moves for
summary judgment. (Dkt. No. 11.)  For the reasons discussed
below, Defendant's motion will be allowed.

## II.  <u>FACTS</u>

Viewed in the light most favorable to Plaintiff, the relevant facts are as follows.

Plaintiff is a Massachusetts resident.  Defendant is a distributor of retail merchandise, incorporated with a principal place of business in Minnesota.  The retail store at issue is located in the Berkshire Mall in Lanesborough, Massachusetts.

On February 3, 2007, Plaintiff was working at the Christopher and Banks retail store in the Berkshire Mall. It had snowed in the recent past, but it was not snowing on the day in question.  Plaintiff's shift began at 9:30 a.m. and ended at 1:00 p.m., at which time Plaintiff left Christopher and Banks and entered Defendant's store through the side entrance.  Plaintiff walked through the store toward the main entrance with the intention of using the restroom before exiting to the parking lot.  As she approached the main entrance and service area of the store, Plaintiff stopped briefly to speak with a friend.  After finishing her conversation, Plaintiff turned and took a few steps toward the restroom, slipped, and fell.

Plaintiff fell on smooth floor -- not a carpeted area. The lighting conditions were normal.  Plaintiff did not notice anything on the floor prior to her fall.  After she fell, Plaintiff got up immediately and noticed "slush and wetness" on the floor.  (Dkt. No. 14, Ex. 2, Pl.'s Dep. 66:17-22.)  Plaintiff's fall was recorded on a nearby video camera.  Plaintiff sustained injuries to her knee and shoulder.

Shortly after her fall, Plaintiff left the store without reporting the incident.  She returned the next day to fill out an accident report and later filed suit against Defendant.

### III.  DISCUSSION

The complaint alleges one count of negligence. Defendant now moves for summary judgment.

### A.  Applicable Legal Standard.

Summary judgment is appropriate where there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When the moving party has properly demonstrated the absence of evidence to support the

nonmoving party's case, the "burden shifts to the nonmoving party, with respect to each issue on which [s]he has the burden of proof, to demonstrate that a trier of fact reasonably could find in [her] favor." Sands v. Ridefilm Corp., 212 F.3d 657, 661 (1st Cir. 2001) (quoting DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)). An issue is "genuine" where the evidence is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). A "material" fact is one that "has the potential to alter the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." Smith v. F.W. Morse & Co., 76 F.3d 413, 428 (1st Cir. 1996).

    2.   <u>Defendant's Motion for Summary Judgment</u>.

"The obligation of one who controls business premises is to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use." Oliveri v. Mass. Bay Transp. Auth., 292 N.E.2d 863, 864 (Mass. 1973). Where a foreign substance causes a plaintiff

to slip and fall, the plaintiff may establish negligence in one of three ways: (1) by proving that the defendant or his servant caused the substance to be there; (2) by proving that the defendant had actual knowledge of the existence of the foreign substance; or (3) by proving that the foreign substance "was present on the defendant's premises for such a length of time that the defendant should have known about it." Id. at 864-65.  Plaintiff brings her claim only under the third theory.  (See Dkt No. 14, Pl.'s Mem. Opp'n Mot. Summ. J. at 9.)

What length of time is sufficient to establish negligence varies by case.  Id. at 865.  This determination depends on "the opportunity for discovery open to the defendant's employees by reason of their number, their physical proximity to the condition in question, and, in general, the likelihood that they would become aware of the condition in the normal performance of their duties."  Id. (citations omitted).

Plaintiff argues at length in her brief about Defendant's opportunity to discover the foreign substance. The problem with her argument, however, is that the standard

described above presupposes the existence of a "foreign substance" that could give rise to liability.  This standard does not govern slip-and-fall accidents where "the transitory conditions of [the] premises, due to normal use in wet weather, according to ordinary experience could not in reason have been prevented." Wexler v. Stanetsky Mem. Chapel of Brookline, Inc., 321 N.E.2d 686, 687 (Mass. App. Ct. 1975).  To establish negligence in such cases, the plaintiff must show that the water on the floor was more than what "inevitably results from the trampling of many feet in such a place . . . under the conditions of weather then existing."  Id. (citations omitted).

Specifically, a plaintiff could demonstrate negligence by introducing evidence of "a defect, or wear, or other condition not natural to the flooring" which caused the floor to be particularly slippery.  Lowe v. Nat'l Shawmut Bank of Boston, 292 N.E.2d 683, 685 (Mass. 1973) (noting that a tile floor is not inherently defective when wet).  Cf. Murray v. Donelan, 129 N.E.2d 922, 923 (Mass. 1955) (holding that jury could find defendant negligent because floor was unusually slippery when rainwater washed over

piece of tin nailed to the floor); <u>Laskey v. First Nat'l Stores, Inc.</u>, 59 N.E.2d 259, 259 (Mass. 1945) (holding that jury could find defendant negligent because floor was unusually slippery when rainwater mixed with oil already coating it).

In addition, evidence of the "presence of . . . water in larger quantity or for a greater length of time than was naturally to be expected in the circumstances" can establish negligence.  <u>Grace v. Jordan Marsh Co.</u>, 59 N.E.2d 283, 284-85 (Mass 1945); <u>Correira v. Atlantic Amusement Co.</u>, 18 N.E.2d 435, 436 (Mass. 1939) (evidence that water tracked in by patrons had collected for over an hour and a half on a stairway landing creating a puddle four feet long warranted a finding of negligence).

Here, Plaintiff has not produced evidence of a defect or any other unnatural condition that caused the floor to be particularly slippery.  <u>See Lowe</u>, 292 N.E.2d at 685.  Her only viable argument, then, is that the water existed "in larger quantity or for a greater length of time than was naturally to be expected in the circumstances."  <u>Grace</u>, 59 N.E.2d at 284-85.

At oral argument, Plaintiff's counsel noted that
Plaintiff is five feet six inches tall and, when she stood
up after her fall, she noticed water and dirt extending from
her knee to her shoulder.  Thus, Plaintiff posits, the jury
could conclude that there was an unusually large amount of
water concentrated in that particular area on the floor.
This suggestion, however, contradicts the description given
by Plaintiff herself in her deposition.  Plaintiff admits
that she did not notice anything unusual about the floor
prior to her fall.  (Dkt. No. 14, Ex. 2, Pl.'s Dep.
64:21-23.)  After her fall, Plaintiff noticed "slush and
wetness," which she described as "[j]ust from constant
tracking of wetness from the outside, the boots, and people
carrying the snow."  (Id. at 66:17-67:2.)  When asked
whether there was actual ice or softened snow on the floor,
Plaintiff responded that she only observed "water and salt-
like dirt."  (Id. at 67:3-67:5.)  Plaintiff never described
this water as a concentrated puddle and, in fact, stated
that the moisture was "spread out through the entrance
floor."  (Id. at 67:21-68:1.)  The video footage of the fall
does nothing to further Plaintiff's argument because the

surface area where the fall occurred is not visible.

In sum, Plaintiff has produced no evidence that her injury was caused by anything other than "the transitory conditions of [the] premises, due to normal use in wet weather," which does not establish a basis for liability. Wexler, 321 N.E.2d at 687.   In fact, courts have found that liability did not exist in cases apparently involving substantially greater amounts of water than that which is alleged here.   See id. (no liability where plaintiff slipped on a "puddle or pool of dirty water . . . which was between three and four feet in length and width"); Tavernese v. Shaw's Supermarkets, Inc., 2008 WL 2726318, 889 N.E.2d 982 (Table), at *1 (Mass. App. Ct. July 15, 2008) (no liability where plaintiff alleged that "weather conditions and the foot traffic that deposited slush from outside to the area just inside the store" caused the fall); Vaccaro v. Univ. of Mass. Memorial Med. Center, No. 06-0647, 2008 WL 2121382, at *1 (Mass. Super. May 20, 2008) (no liability where plaintiff slipped on floor that was "very wet" and contained "little tiny puddles"); Pettie v. Stop & Shop Supermarket Co., No. 9336, 1996 WL 132991, at *1 (Mass. App. Div. Mar. 11, 1996)

(no liability where plaintiff immediately noticed floor was "soaking wet" upon entering store).

Thus, because Plaintiff has presented no evidence upon which a reasonable jury could conclude that Defendant acted negligently, Defendant's Motion for Summary Judgment (Dkt. No. 11) will be allowed.  See Goulart v. Canton Hous. Auth., 783 N.E.2d 864, 865-66 (Mass. App. Ct. 2003) ("Ordinarily, summary judgment is not an appropriate means to resolve negligence cases, because the question of negligence is one of fact.  However, a judge may decide the issue as a matter of law when no rational view of the evidence permits a finding of negligence.").

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. No. 11) is hereby ALLOWED.  The clerk will enter judgment for Defendant.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge